UNITED STATES COURT OF INTERNATIONAL TRADE
-------------------------------------------------------------------------------X
BASF CORPORATION,                                                            :

                                Plaintiff,                    :

                      v.                                     :       Court No. 12-00421

UNITED STATES,                                                              :

                          Defendant.                 :
-------------------------------------------------------------------------------X

## COMPLAINT

Plaintiff BASF Corporation, by its attorneys Barnes, Richardson & Colburn, LLP., hereby alleges as follows:

### FIRST CAUSE OF ACTION

1.     The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1581(a).

2.     Plaintiff, BASF Corporation, is the importer of record of the subject merchandise and is the party-in-interest in this action.

3.     This action has been timely filed and all liquidated duties, taxes, and fees have been paid.

4.     The imported merchandise that is the subject of this complaint is dry vitamin A-palmitate 250 food grade (hereafter the "imported merchandise").

5.     The imported merchandise is vitamin A palmitate enrobed in a protective matrix of gum arabic and sucrose, with DL-alpha tocopherol as an antioxidant, corn starch as an anti-caking agent and tricalcium phosphate as a flow aid.

6.     The imported merchandise contains a minimum of 250,000 International Units of vitamin A per gram.

7.      Vitamin A palmitate is a form of vitamin A.

8.      Vitamin A palmitate is the only active ingredient in the imported merchandise.

9.      Vitamin A palmitate imparts the essential character to the imported merchandise.

10.     Vitamin A palmitate oxidizes quickly and breaks down when exposed to air.

11.     The imported merchandise is a mixture of the vitamin A palmitate as the active ingredient and the inert ingredients.

12.     In the imported merchandise, the vitamin A palmitate is stabilized by the inert ingredients.

13.     The inert ingredients in the imported merchandise preserve the vitamin A palmitate, thus preventing it from oxidizing or otherwise degrading.

14.     The vitamin A palmitate in the imported merchandise is not chemically modified when formulated into the finished product.

15.     The imported merchandise is used as a source of provitamin A in dietary or other food products.

16.     Customs classified the imported merchandise under subheading 2106.90.9700, HTSUS, dutiable at the rate of 28.8 cents/kg plus 8.5% *ad valorem*, as "Food preparations not elsewhere specified or included: Other: Other: Other: Other: Other: Other: Articles containing over 10 percent by dry weight of sugar described in additional U.S. note 3 to chapter 17: Other."

17.     The imported merchandise is properly classifiable as "Vitamin A and their derivatives" under subheading 2936.21.00, free of duty.

Wherefore, the Plaintiff requests judgment sustaining its claim herein, ordering a reliquidation of the imported merchandise under HTSUS subheading 2936.21.00, and ordering a refund of all excess duties paid, with interest as provided by law, and for such further relief as the Court may deem just and proper.

Respectfully submitted,

BARNES, RICHARDSON & COLBURN, LLP.
Attorneys for Plaintiff
100 William Street, Suite 305
New York, New York 10038
Tel: (212) 725-0200, ex. 126


By:  s/_____
          Frederic D. Van Arnam, Jr.

Dated: October 26, 2021
          New York, New York